FILED'10 OCT 6 16:46USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRANDON R. SHELL,

        Petitioner,        Civil No. 10-1192-CL

        v.        REPORT AND RECOMMENDATION

J.E. THOMAS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner's Application to Proceed in forma pauperis (#1) is denied as moot because petitioner paid the filing fee.

    Petitioner, an inmate in the custody of the United States Bureau of Prisons, filed a petition under 28 U.S.C. sec. 2241, seeking "early release for participating/completing RDAP consistent with Congress's intent." Petition (#1) p. 3.

    Petitioner alleges that he has filed a "BP-9" but has not received a response. Petitioner alleges that "time constraints would prevent me from exhausting my administrative

1 - REPORT AND RECOMMENDATION

remedies in time if I were to be given time off and early release." Id., p. 4.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See, Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000).

"Although habeas corpus petitions challenging the fact or duration of confinement are excluded from the exhaustion of administrative remedies requirement, 18 U.S.C. sec. 3626(g)(2), petitions such as the instant petition, challenging the conditions of confinement or the execution of a sentence are subject to the PLRA and exhaustion is mandatory. Id.; O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1061 (9th Cir. 2007). "When a statute requires exhaustion, a petitioner's failure to do so deprives this court of jurisdiction." El Rescate Legal Services, Inc., v. Executive Office of Immigrant Review, 959 F.2d 742, 746 (9th Cir.) 1991) (citing Reid v. Engen, 765 F.2d 1457, 1462 (9th Cir. 1985).

In this case petitioner concedes that he has not exhausted his administrative remedies.

If the district court concludes that the prisoner has

2 - REPORT AND RECOMMENDATION

not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Waytt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).

Based on the foregoing, petitioner's petition should be denied without prejudice. This proceeding should be dismissed.

Petitioner's Motion for Appointment of Counsel (#3) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

3 - REPORT AND RECOMMENDATION

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  See, 28 U.S.C. § 2253(c)(2).*

DATED this 6 day of October, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION